# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHY BASS,<br><br>          Plaintiff,<br><br>v.<br><br>WTAE,<br><br>          Defendant. | Case No. 2:12-cv-01771-CB<br><br>**ELECTRONICALLY FILED AND SERVED** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Hearst Stations Inc. (the owner of television station WTAE-TV, the purported defendant in this action – "WTAE," as explained herein, is a non-existent entity), makes this special appearance, reserving all jurisdictional defenses, by and through the undersigned counsel, and submits this Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Rules 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

The Complaint in this action, which alleges two claims for defamation and false light arising from a news report more than two years ago, was sent to Defendant for the very first time on November 14, 2012. Plaintiff's filing of her suit in state court by writ just before expiration of the limitations period, and her evident reluctance to prosecute the case during the ensuing 15 months, may be the result of misgivings about pursuing a claim alleging misidentification as an arrestee when she in fact has an arrest history of her own, the offending mug shot of plaintiff was provided to the press by authorities, and the arrestee alleged to be mistaken for plaintiff is also named Kathy Bass and believed to be plaintiff's daughter. Whatever the cause of the delay in

spelling out her claims in a complaint – and then waiting to send the complaint to "WTAE" more than a year after the statute of limitation expired –, and whatever the reason for her naming of a non-existent defendant and failing to effect proper service, the result has been an undermining of Pennsylvania's strict statute of limitations for defamation and false light claims, manipulation and control of the machinery of litigation, and prejudice to defendant.

Despite availing herself of every procedure under Pennsylvania law to extend her time to prosecute her claims, seeking to extend a strict one year limitations period to more than two years, and then taking full advantage of that time to perpetuate delay, plaintiff's inattention to both substance and procedure during that time is manifest in ways that now mandate dismissal. First, the writ that initiated this suit in state court just before the limitations period ran out was not properly served. Second, the complaint that plaintiff waited another ten months to file was not sent to "WTAE" until almost five months after that – well past the time necessary to keep the extended limitations period from running out. One result of all this delay is that defendant was deprived of the ability to learn the substance of plaintiff's claims until more than two years after the news report in question. The other result was that plaintiff finally ran out of time – even assuming the limitations period was doubled under the procedures she chose – before satisfying the requisites of those procedures. Third, even if plaintiff had properly and timely served the writ and complaint, so that her claims were not barred, they fail to state a cognizable cause of action because they name a non-existent entity as defendant.

Plaintiff's Complaint should be dismissed in its entirety without leave to replead.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Contrary to the allegations in the Complaint, the named defendant in this action, WTAE, is a non-existent legal entity. WTAE-TV, in fact, is one of 12 television stations and 2 radio

stations around the country that are owned by Hearst Stations Inc. ("Hearst"). (Donnellan Decl.[1] ¶ 2; Hayes Decl. ¶ 2) Hearst is an entirely distinct and different entity from the purported "business entity" named in the Complaint as defendant "WTAE" and alleged to have its principal place of business in Pittsburgh (Complaint ¶ 2). (*Id.*) Hearst, in contrast, is a Nevada corporation with its principal place of business in New York, operating a broad portfolio of radio and television broadcast properties nationwide. (*Id.*) WTAE-TV is not a legal entity at all. (*Id.*)

On August 8, 2011, Plaintiff Kathy Bass filed a Praecipe for Writ of Summons in the Court of Common Pleas (Allegheny County) seeking to initiate a law suit against "WTAE," and the court issued the writ (the "Writ") the same day. (Donnellan Decl. ¶ 4 & Ex. A) The one-page Writ contains the caption – Plaintiff Kathy Bass versus the non-existent entity "WTAE" – but no information at all about the nature of Plaintiff's action or the allegations giving rise to it. (*Id.*)

A "Sheriff Return" filed with the court claims that the Writ was served on "WTAE" on August 10, 2011 by leaving it with an "Adult Agent or person in charge of Defendant(s) office or usual place of business." (Hayes Decl. ¶ 3 & Ex. A; Pastirak Decl.[2] ¶ 2 & Ex. A) The Sheriff Return states that the Writ was "served upon Janice Pastirak" and that the "Service Method" was "Person in Charge." (*Id.*) However, Ms. Pastirak is a receptionist at WTAE and has never been in charge of the television station or an agent authorized to accept service of process on behalf of the television station or Hearst. (*Id.*)

---

[1] "Donnellan Decl." refers to the Declaration of Jonathan R. Donnellan dated December 12, 2012 and filed in support of this motion. "Hayes Decl." refers to the Declaration of Michael J. Hayes, the President and General Manager of WTAE-TV, sworn to on December 12, 2012 and submitted herewith.

[2] "Pastirak Decl." refers to the Declaration of Janice L. Pastirak, a receptionist at WTAE-TV, sworn to on December 12, 2012 and submitted herewith.

Plaintiff waited almost a year after the issuance of the Writ to file a Complaint in this action, which for the first time sets forth what Plaintiff's lawsuit is about: specifically, Plaintiff alleges two causes of action against "WTAE" – one for defamation and the second for "invasion of privacy/false light" – based upon news story broadcast on September 3, 2010 about a Kathy Bass (who is believed to be Plaintiff's daughter) who was arrested for kidnapping. (Hayes Decl. ¶ 6) In the broadcast, WTAE-TV aired a mug shot of a Kathy Bass that was given to the television station by the police. (*Id.*) It is believed that there are two women named Kathy Bass in the Pittsburgh area who are mother (the Plaintiff) and daughter and both have criminal records. (*Id.*)

On November 14, 2012, Plaintiff's counsel mailed the Complaint by Certified Mail Return Receipt Requested to "WTAE" with a cover letter that states "[e]nclosed is a Complaint in Civil Action, which has been filed in the Court of Common Pleas of Allegheny County, Pennsylvania, against your company." (Hayes Decl. Ex. B) Even though the certificate of service signed by Plaintiff's counsel at the end of the Complaint states that he served "WTAE" by first class mail on June 21, 2012, Plaintiff's counsel does not refer to the earlier mailing in his cover letter and the station did not receive or become aware of the Complaint until November 15, 2012 after Plaintiff's counsel sent it by certified mail. (Hayes Decl. ¶ 5 & Ex. B)

Defendant did not make any appearance in state court and instead timely removed this action to this Court on December 5, 2012 based on diversity jurisdiction and files this motion to dismiss. (Donnellan Decl. ¶ 5)

4

# ARGUMENT

## PLAINTIFF'S TIME-BARRED CLAIMS SHOULD BE DISMISSED BASED UPON INSUFFICIENT SERVICE OF PROCESS AND THE NAMING OF A NONEXISTENT ENTITY AS DEFENDANT

### A. Plaintiff Has Not Effected Service of Process, Her Claims Are Now Time-Barred, and Plaintiff's Complaint Should Be Dismissed Under FRCP 12(b)(2) and (5)

#### 1. Failure to Effectuate Service of the Writ

As a threshold matter, where a plaintiff has failed to effect service of the summons and complaint, the Court is empowered to dismiss action in accordance with Federal Rule of Civil Procedure 12(b)(2) and (5). The United States Supreme Court has instructed that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "Procedural rules relating to service of process must be strictly followed because jurisdiction of the person of the defendant cannot be obtained unless proper service is made." *Miller v. Klink*, 871 A.2d 331, 334 (Pa. Commw. Ct. 2005) (citation and internal quotation marks omitted); *accord Beglin v. Stratton*, 816 A.2d 370, 373 (Pa. Commw. Ct. 2003) (same).[3]

Rule 424 of the Pennsylvania Rules of Civil Procedure governing service of process upon a corporate defendant provides that for service of original process on a corporate defendant to be effective, the pleading must be served by "handing a copy to ... (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being <u>in charge</u> of any regular place of business or activity of the corporation or similar

---

[3] A federal court exercising diversity jurisdiction applies the substantive law of the appropriate state. *Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004).

entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." Pa. R. Civ. Pro. 424 (emphasis added).

"The burden is on the plaintiff to show that service has been made upon a proper agent of the corporation." *Hemmerich Industries, Inc. v. Moss Brown & Co.*, 114 F.R.D. 31, 32 (E.D. Pa. 1987). "The fact that there may have been actual notice does not alter the result. 'Where the person served is not an agent on whom proper service could be made, the fact that he may have advised the proper corporate official of the complaint is irrelevant.'" *Id.* (quoting *Alloway Wain-Roy Corp.*, 52 F.R.D. 203, 205 (E.D. Pa. 1971)).

Here, service of the Writ was never made on defendant. In August 2011, a Sheriff Return was filed with the court stating that service was made upon Janice Pastirik, a receptionist at WTAE-TV, who was characterized as the "person in charge." Notwithstanding this characterization, Ms. Pastirik was not and is not an agent of Hearst or WTAE-TV. She was neither "in charge" of the Hearst station at that time or any other time, nor was she an executive or agent authorized in writing. *See* Pastirik Decl. ¶¶ 2-3; Hayes Decl. ¶¶ 3-4.

Failure to timely effect service of the writ in accordance with Pennsylvania law requires dismissal. *E.g.*, *Miller*, 871 A.2d at 335 ("Where a plaintiff does not make a good faith effort at service of original process, an action which was otherwise timely commenced by filing a praecipe for a writ of summons within the statutory period will be deemed untimely and barred by the statute of limitations.") (citing *Lamp v. Heyman*, 366 A.2d 882, 889 (Pa. 1976)). Indeed, Pennsylvania courts on numerous occasions have dismissed actions based upon insufficient service of process. *See, e.g., Moody v. Nat'l Elec. Warranty*, Civ. No. 3:11-CV-106, 2012 WL 4981993 (W.D. Pa. Oct. 17, 2012) (granting motion to dismiss for insufficient service of process under FRCP 12(b)(5) where plaintiff served corporate defendant by mail rather than by handing

to authorized agent); *McNeil v. City of Pittsburgh*, Civ. No. 09-825, 2011 WL 5840607 (W.D. Pa. Nov. 21, 2011) (granting motion to dismiss for insufficient service of process under FRCP 12(b)(5)); *Richard Johnson Honeyshine Shoe Express Services v. U.S. Equity Realty, Inc.*, 125 F. Supp.2d 695, 699 (E.D. Pa. 2000) (same), *aff'd*, 275 F.3d 35 (3d Cir. 2001); *Alloway Wain-Roy Corp.*, 52 F.R.D. 203, 204-205 (E.D. Pa. 1971) (finding insufficient service of process and dismissing complaint where return of service filed with court indicated that the summons and complaint was delivered to a manager of the corporate defendant but manager was not authorized to accept service of process on behalf of defendant); *Beglin v. Stratton*, 816 A.2d 370, 373 (Pa. Commw. Ct. 2003) (affirming dismissal of action based upon improper service of process); *see also Russo v. Prudential Ins. Co. of America*, Civ. No. 86-5331, 1987 WL 14155, at *1 (E.D. Pa. July 20, 1987); *accord Reunion Indus., Inc. v. Doe*, Civ. No. 8-609, 2008 WL 2763830 at *2 (W.D. Pa. July 11, 2008) (dismissing action finding plaintiff's claims time-barred where plaintiff failed to timely effectuate service of complaint).

2. **Failure to Timely File and Serve the Complaint**

Even assuming that Hearst was properly served with the writ in August 2011, dismissal is still warranted for failure to timely serve the Complaint upon Hearst providing notice of the substance of her claim. Mailing of the Complaint to defendant more than two years after plaintiff's alleged claims arose – claims with a one year statute of limitations – is not enough to satisfy Pennsylvania law and escape dismissal. Under Pennsylvania law, plaintiff's filing of a writ to commence her action will *not* serve to toll the statute of limitations where, as here, she has subsequently demonstrated an intent to stall the judicial machinery by waiting an inordinate amount of time to file and serve her complaint, far beyond the limitations period, causing prejudice to defendant. *See McCreesh v. City of Philadelphia*, 585 Pa. 211, 888 A.2d 664, 674

7

(2005); *id.* at 672, citing *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882, 889 (1976) ("[A] writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has set in motion."). In *McCreesh*, the Pennsylvania Supreme Court acknowledged that the State's procedures allowing mere filing of a writ to toll limitations are at odds with the statutes of limitation and must be reigned in to prevent undue prejudice to defendants. *See id.*, 888 A.2d at 665. In order to keep her action alive, plaintiff was required to proceed in a reasonable manner to move the case forward after filing her writ. At a minimum, this required a "good faith effort" to provide defendant with notice of the theory and substance of her claims through service of a complaint in a reasonably expeditious manner rather than sitting on her hands for a period far in excess of the limitations period. *See id.* at 672-74.

"What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." *Englert v. Fazio Mechanical Servs.*, 932 A.2d 122, 124 (Pa. Super. Ct. 2007) (citation and internal quotation marks omitted). "[A]lthough there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable." *Id.* at 125. The purpose of the rule "was to avoid the situation where a plaintiff can retain exclusive control over litigation by not making a good faith effort to notify the defendant." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 672 (Pa. 2005). Dismissal of an action where service of the complaint has not been effectuated prior to the expiration of the extended limitations period is appropriate when "plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." *McCreesh*, 888 A.2d at 674.

8

Here, plaintiff's conduct has both prejudiced Hearst and demonstrated an intent to stall the judicial machinery. The prejudice is especially acute given the particular nature of defamation and false light claims and the significant First Amendment interests they place at issue. Defamation and false light/invasion of privacy claims are both subject to a one year limitations period. 42 Pa.C.S.A. § 5523. This short limitations period reflects the reality that defendants are severely prejudiced by any longer period and the policy of Pennsylvania to shield defendants from that prejudice:

> [T]he legislature has clearly expressed a public policy that the statute of limitations for defamation should remain shorter than the limitation of action for other torts. While the legislature, in enacting the new Judicial Code, did change the statute of limitations for a number of other kinds of torts, it did not do so for defamation. It is therefore clear that <u>a longstanding policy exists in Pennsylvania to allow defendants in defamation cases an opportunity to make a prompt investigation of claims made against them while the evidence is still fresh in the minds of prospective witnesses</u>. This is especially necessary for cases involving slander because the actual content of the statements could quickly fade from the minds of witnesses. Even where the case involves libel, it is still necessary to investigate the circumstances surrounding the making of the statement and it is crucial that it is done promptly.

*Evans v. Philadelphia Newspapers, Inc.*, 601 A.2d 330, 334 (Pa. Super. Ct. 1991) (citation and internal quotation marks omitted) (emphasis added).

The prejudice is manifest in this case. Plaintiff, who has been represented by the same experienced counsel throughout, did in fact "stall the judicial machinery" by waiting to serve the Complaint until November 14, 2012, more than 14 months after the filing of the writ, and more than 26 months after the challenged news report alleged to give rise to her claims. It was not until November 14, 2012 that plaintiff finally sent the Complaint to "WTAE," as evidenced by the cover letter that accompanied it. Only then, more than two years after the challenged news report, did plaintiff finally provide defendant with notice of the nature and specific allegations of her claims. Plaintiff's dilatory conduct in failing to effect service of the Writ or Complaint on

9

defendant, and failing to provide notice to defendant of the nature of her claims until well after the statute of limitations has passed, has significantly prejudiced Hearst's ability to defend itself against Plaintiff's claims since "the evidence is [no longer] still fresh in the minds of prospective witnesses." *Evans*, 601 A.2d at 334. As a matter of law, plaintiff did not make a good faith attempt to serve defendant with the complaint until after the extended time to do so had expired.

Where a plaintiff fails to effectuate service prior to the expiration of the relevant statute of limitations, and plaintiff either has not given defendant notice of her claims or has prejudiced defendant by filing after the expiration, courts should dismiss the actions as time-barred. *See, e.g., Reyes v. City of Reading*, Civ. No. 10-702, 2010 WL 2996959, at *3 (E.D. Pa. July 28, 2010) (granting motion to dismiss action for improper service of process and finding plaintiff's claims time-barred where plaintiff failed to make a good-faith effort to effect service of process within the statute of limitations period); *Reunion Indus., Inc. v. Doe*, Civ. No. 8-609, 2008 WL 2763830, at *3 (W.D. Pa. July 11, 2008) (dismissing action finding plaintiff's claims time-barred where plaintiff failed to effectuate service of complaint prior to the expiration of the statute of limitations); *Englert v. Fazio Mechanical Servs.*, 932 A.2d 122, 127-28 (Pa. Super. Ct. 2007) (affirming dismissal of action as time-barred where appellant filed writ and then moved his offices and did not "check docket or contact the Sheriff's office to determine whether service of the original writ and summons had been made," and finding that plaintiff's "inaction demonstrated an intent to stall the judicial machinery which was put into motion by the filing of the initial writ and simply cannot be excused."); *Fraisar v. Gillis*, 892 A.2d 74, 78 (Pa. Commw. Ct. 2006) (affirming dismissal of action for failure to effectuate service of process where plaintiff "failed to serve any of the defendants having imprudently left this task for the court functionaries"); *Russo v. Prudential Ins. Co. of America*, Civ. No. 86-5331, 1987 WL 14155, at

*4 (E.D. Pa. July 20, 1987) (dismissing action where plaintiff failed to effectuate service of process prior to expiration of statute of limitations, noting that plaintiff's counsel offered no explanation as to "why he failed to make further efforts, as months passed and no answer was received, to ensure that service had been completed.").

Here, there is no excuse for failing to serve Hearst with sufficient process or for waiting so long to put Hearst on notice regarding the nature of her claims. Given the prejudice to Hearst in having to investigate and defend against stale claims, Plaintiff's Complaint should be dismissed in its entirety.

### B. Plaintiff's Complaint Should Be Dismissed Under FRCP 12(b)(6) Because "WTAE" is a Nonexistent Legal Entity

A "basic principle of Pennsylvania law" requires "'a person or entity which has the right to bring the action, and a person or entity against which the action can be maintained. By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent.'" *Anderson Equipment Co. v. Huchber*, 690 A.2d 1239, 1241 (Pa. Super. 1997) (quoting *Thomas v. Peck*, 181 A. 597, 598 (1935) and finding that plaintiff may not substitute a suable entity for a nonsuable entity after statute of limitations has expired). A plaintiff will not be permitted to amend a complaint to add a new defendant after the statute of limitations has expired. *Saracina v. Cotoia*, 208 A.2d 764, 766 (Pa. 1965) (quoting *Girardi v. Laquin Lumber Co.*, 81 A. 63 (1911) (finding plaintiff who sued Laquin Lumber Co. may not amend to substitute defendants after discovering that Laquin was a partnership composed of six individuals)).

Plaintiff's Complaint purports to bring an action against an entity called "WTAE," erroneously alleged to be a "business entity." *See* Donnellan Decl. ¶ 2. In fact, WTAE is one of many stations owned and operated by Hearst Stations Inc. and is not a legal entity. *Id.* ¶ 2;

11

Hayes Decl. ¶ 2. Here, it would have been very easy for Plaintiff's counsel to determine the owner of WTAE-TV, as it is a matter of public record and even listed on the station's website. *See* Donnellan Decl. ¶ 4. Instead, he chose to name an non-existent entity, against which no cognizable claim has been or can be asserted.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's action should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(2), (5) and (6).

Dated: Pittsburgh, Pennsylvania
December 12, 2012

Respectfully submitted,

STRASSBURGER, MCKENNA, GUTNICK, & GEFSKY

By: /s/ David A. Strassburger
David A. Strassburger
(Pa. I.D. No. 76027)
Four Gateway Center, Suite 2200
Telephone: (412) 281-5423
Facsimile: (412) 281-8264
dstrassburger@smgglaw.com

*Counsel for Hearst Stations Inc. (incorrectly sued herein as "WTAE")*

Of Counsel:

Jonathan R. Donnellan
Eva M. Saketkoo
Heather L. Dietrick
Office of General Counsel
Hearst Corporation
300 West 57th Street, 40th Floor
New York, NY 10019
Telephone: 212-841-7000
Facsimile: 212-554-7000